# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY McCRARY,

                            : 

          Petitioner,                      Case No. 3:12-cv-228

                               :         District Judge Thomas M. Rose

      -vs-                             Magistrate Judge Michael R. Merz

ROD JOHNSON, Warden,
  Madison Correctional Institution,

                               :

          Respondent.

---

# REPORT AND RECOMMENDATIONS

---

       This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Before determining whether to order an answer in the case, the Court must conduct a review under Rule 4.

       Mr. McCrary pleads two grounds for relief:

> **Ground One:** Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment of the Federal Constitution.

> **Supporting Facts**: Petitioner's trial counsel stated his personal opinion in the trial closing arguments. The remark made by the trial counsel was against the original planned defense. The attorney Jeff Rezabek stated "I think Mr. Mccrary may have been seated in the

1

center (of the vehical [sic]) from the beginning". The opinion was contradicted to, and the opposite of the planned, and agreed defense. The defense was well forseen [sic] and was the only planned and agreed stratergy[sic] for trial. The petitioners defense for trial was based on where and when he actually entered the vehical [sic]. The attorney's opinion and his failure to present the only defense was prejudical [sic] to the defense and made the entire proceedings unfair.

**Ground Two:** Petitioner's Fourthteenth [sic] Amendment right to present an [sic] meaningful defense was violated.

**Supporting Facts:** Counse1 for trial failed to present petitioner's only defense. The defense was avialable [sic] in the discovery packet in the form of an [sic] police report, therefore, the attorney was, or should've been well advised of the defense. The attorney in question, Jeff Rezabek was appointed to represent the petitioner 26 day's prior to trial due to the original attorney becoming suddently [sic] ill. The newly appointed attorney did not preserve [sic] the petitioner's constitutional right to present his defense when trial counsel failed to present the only available defense, but instead gave his personal opinion in the trial closing argument.

(Petition, Doc. No. 1, PageID 5-7.)

## Procedural History

Mr. McCrary was indicted with two co-defendants on October 7, 2008, on one count of aggravated robbery with a firearm specification. *State v. McCrary*, 2011 Ohio 1736, ¶ 10, 2011 Ohio App LEXIS 1525 (Ohio App. 2nd Dist. Apr. 8, 2011)("*McCrary 2*"). After trial by jury at which he did not testify, McCrary was convicted and sentenced to thirteen years imprisonment. *Id*. at ¶ 11. The conviction was affirmed on direct appeal. *State v. McCrary*, 2010 Ohio 2011, 2010 Ohio App. LEXIS 1657 (Ohio App. 2nd Dist. May 7, 2010)("*McCrary 1*"), and the Ohio Supreme Court declined further review. Mr. McCrary then filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. The Common Pleas Court denied relief in a detailed

written decision and Mr. McCrary appealed again to the Second District Court of Appeals which affirmed. *McCrary 2*. The Ohio Supreme Court again declined review. *State v. McCrary*, 2011 Ohio 4217 (Aug. 24, 2011), and Mr. McCrary timely filed his Petition in this Court.

## Analysis

As he did in the Ohio courts, Mr. McCrary raises two interrelated claims of ineffective assistance of trial counsel which are analyzed here together, as they were in the Ohio courts.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* ___ U.S. ___, ___, 130 S.Ct. 2250, 2255 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

3

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177, 1184 (6th Cir. 1987). "The likelihood of a different result must be substantial, not just conceivable."  *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011).

The Ohio courts considered Mr. McCrary's claims of ineffective assistance of trial counsel and decided them on the merits.   When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.   28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005);

4

*Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Both the Common Pleas Court and the Court of Appeals applied the correct federal law from *Strickland v. Washington* in deciding Mr. McCrary's case.   Because Judge Brogan's opinion for the Court of Appeals in *McCrary 2* is the last reasoned state court opinion, this Court's analysis focuses on that decision.   *Ylst v. Nunnemaker*, 501 U.S. 797 (1991); *Joseph v. Coyle,* 469 F.3d 441, 450 (6th Cir. 2006); *Couch v. Jabe,* 951 F.2d 94, 96 (6th Cir.   1991).

Mr. McCrary's claims depend in substantial part on his belief that his lawyer should have introduced a police report in which he told a Montgomery County Sheriff his version of the events which was essentially an alibi:  he got into the truck used in the robbery between the time the robbery was committed and the time of the arrest.   *McCrary 2*, ¶ 13.   Judge Huffman in deciding the post-conviction petition noted that the police report was inadmissible hearsay and the Court of Appeals agreed with that conclusion.   *Id*.   at ¶ 18.   Hearsay is an out-of-court statement offered in trial to prove the truth of its contents.   Ohio R. Evid. 801(C).   Hearsay is of course inadmissible in general.   Ohio R. Evid. 802.   The only way Mr. McCrary's statement that he was not present could have been placed before the jury is if he testified himself.   As Judge Huffman noted in her decision, the trial record is clear that Mr. McCrary expressly declined his right to testify in his own behalf.   Mr. Rezabak cannot have been ineffective for failing to introduce in evidence a statement that was inadmissible.

Mr. McCrary's second claim is that Mr. Rezabak prejudiced his case by his statement in closing argument that Mr. McCrary had been in the middle seat of the truck all along.   This is certainly inconsistent with Mr. McCrary's alibi defense, but there was no evidence of the alibi before the jury.   Mr. Rezabak had to account for eyewitness testimony identifying Mr. McCrary

5

as the person who was in the bed of the truck who got out and got into the passenger portion.   His

assertion that McCrary was in the middle all along was the best he could do, given the state of the

evidence.   As Judge Brogan found, "counsel's argument served a coherent trial strategy."

*McCrary 2* at ¶ 19.


### Conclusion


The Ohio courts identified the appropriate governing federal law and their application of it

was not objectively unreasonable.   Therefore it is entitled to deference by this Court.   The

Petition should therefore be dismissed with prejudice.   Because reasonable jurists would not

disagree with this conclusion, Mr. McCrary should be denied a certificate of appealability and this

Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

July 12, 2012,

s/ *Michael R. Merz*
United States Magistrate Judge


### NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.   Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.   If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections within fourteen days after being served with a copy thereof.   Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).