# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY McCRARY,

    Petitioner,

    -vs-

ROD JOHNSON, Warden,
  Madison Correctional Institution,

    Respondent.

:

:

:

Case No. 3:12-cv-228

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Respondent's Objections (Doc. No. 5) to the Magistrate Judge's Report and Recommendations (Doc. No. 3). Upon the Objections, Judge Rose has recommitted the case to the Magistrate Judge for reconsideration (Doc. No. 6).

The Report was made upon initial review under Rule 4 of the Rules Governing § 2254 Cases. Petitioner makes a general objection that dismissal under Rule 4 of the Rules Governing § 2254 Cases "is not generally a perferred [sic] course of action, and some federal courts of appeals have held -- based on fairness and efficiency grounds – that district courts should only rarely should dismiss petitions for non-jurisdictional reasons before hearing from the state." (Objections, Doc. No. 5, PageID 49.) McCrary cites no circuit court authority for this proposition, but only Fed. R. Civ. P. 56. The Supreme Court and the Sixth Circuit have expressly approved of dismissal on some substantive grounds upon initial review. *Day v. McDonough*, 547

U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).   It is difficult to see how either fairness or efficiency would be promoted by requiring the State to answer a meritless petition.

The Petition in this case includes two grounds for relief:

> **Ground One:**  Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment of the Federal Constitution.
>
> **Supporting Facts**:  Petitioner's trial counsel stated his personal opinion in the trial closing arguments. The remark made by the trial counsel was against the original planned defense. The attorney Jeff Rezabek stated "I think Mr. Mccrary may have been seated in the center (of the vehical [sic]) from the beginning". The opinion was contradicted to, and the opposite of the planned, and agreed defense. The defense was well forseen [sic] and was the only planned and agreed stratergy[sic]   for trial. The petitioners defense for trial was based on where and when he actually entered the vehical [sic]. The attorney's opinion and his failure to present the only defense was prejudical [sic] to the defense and made the entire proceedings unfair.
>
> **Ground Two:**  Petitioner's Fourthteenth [sic] Amendment right to present an [sic] meaningful defense was violated.
>
> **Supporting Facts:**  Counse1 for trial failed to present petitioner's only defense. The defense was avialable [sic] in the discovery packet in the form of an [sic] police report, therefore, the attorney was, or should've been well advised of the defense. The attorney in question, Jeff Rezabek was appointed to   represent the petitioner 26 day's prior to trial due to the original attorney becoming suddenly [sic] ill. The newly appointed attorney did not preserve [sic] the petitioner's constitutional right to present his defense when trial counsel failed to present the only available defense, but instead gave his personal opinion in the trial closing argument.

(Petition, Doc. No. 1, PageID 5-7.)

In the Report, this judge noted that the defense at trial was alibi, to wit, that Mr. McCrary was elsewhere when his two co-defendants committed the aggravated robbery with which all three were

2

charged and he only got into the truck in which all were arrested and identified after the crime was complete.  There was no doubt of the identification of McCrary as being in the truck when it was stopped, so his presence there at that time, which was shortly after the robbery, had to be explained in some innocent way, contrary to the State's theory that all three co-defendants participated in the robbery.  Alibi could have been a plausible defense if there had been some evidence to support it.  The problem with alibi as a defense is that there was no such evidence:  McCrary declined to testify himself and had no one else to testify for him.

In the absence of any evidence, how was the alibi defense to be presented?  McCrary makes two claims.  First, he says, his lawyer could have stuck with the alibi defense and argued it without any evidence, instead of suggesting that McCrary was in the middle seat of the truck all along, which was inconsistent with the alibi defense.   Second, he says, the state courts erred in not allowing him to present the police report in which he told an investigating officer his alibi story.

As noted in the Report, the state courts rejected these claims.  Judge Brogan held that defense counsel's argument was compatible with a reasonable defense strategy, attempting to explain away the initial identifications of McCrary by claiming he had been in the middle seat instead of in the bed of the truck.  Judge Huffman had rejected the police report claim because it was hearsay.  In the Report, this judge concluded that the state courts had applied the correct federal law and that there conclusions on these two points were not objectively unreasonable.

In the Objections, Petitioner notes that criminal defendants have both the right not to take the stand under the Fifth Amendment and the right to present a defense under the Sixth.  Petitioner concedes he stood on his right not to testify, but argues that, because of the Sixth Amendment, "the defense could have been advocated without petitioner taking the witness stand." (Objections, Doc. No. 5, PageID 50).  That misses the critical point that defense counsel cannot argue a defense with no

3

evidence.  There was no alibi evidence before the trial court and it would have been an ethical violation for defense counsel to suggest that there was.   The best that defense counsel could do, given the evidence, was to argue as he did that perhaps the State's witnesses were wrong and McCrary had been in the cab of the truck all along.  It wasn't much, but it was all he had, given that McCrary had decided not to testify and there was no one else.

But, says Petitioner, the other evidence could have been the police report.  He thus objects to the state courts' and this judge's conclusion that it was hearsay.   Instead, he claims it could have come in under Ohio R. Evid. 803(1) as a present sense impression or under 801(D)(2) as an admission of a party.  Neither exception to the hearsay rule applies.  803(1) allows "A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition or immediately thereafter unless circumstances indicate lack of trustworthiness."  Obviously, the statement was not given while McCrary was perceiving the events.  And an exculpatory statement given by a suspected felon immediately upon arrest of the events for which he is being arrested are the classic case where circumstances indicate a lack of trustworthiness.   As for 801(D)(2), it only allows admission of statements of a party opponent, not favorable out of court statements made by the person who is offering the statements.

Upon reconsideration of the Petition in light of the Objections, it is again respectfully recommended that the Petition be dismissed with prejudice.   Because reasonable jurists would not disagree with this conclusion, Mr. McCrary should be denied a certificate of appealability and this Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.
August 28, 2012.

                    s/ *Michael R. Merz*
                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).